UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JACQUELINE M. KERSHENSTINE,** *et al.*                     CIVIL ACTION

**versus**                                                  No.  07-3215

**SCOTTSDALE INSURANCE COMPANY**                            SECTION: "I"/5

<u>ORDER AND REASONS</u>

Before the Court is defendant's, First National Bank USA ("FNB"), motion to dismiss pursuant to Rule 12(b)(6) and alternative motion for summary judgment.  For the following reasons, FNB's motion for summary judgment is **GRANTED**, and FNB's motion to dismiss is **DISMISSED AS MOOT**.

*Background*

In November or December, 2004, plaintiffs, Jacqueline and Timothy A. Kershenstine, were contacted by their realtor, Linda Rhodes ("Rhodes"), concerning potential investment in immovable property located in Des Allemands, Louisiana, otherwise referred to as "Catfish Cove."[1]  Plaintiffs allege that, at the time Rhodes contacted them, Catfish Cove was owned and being sold by defendants, Vanacor Investments, L.L.C., ("VIL"), Roddy Vanacor ("Vanacor"), and Kurt Dempster ("Dempster").[2]

---

[1] Rec. Doc. No. 21, p. 2, paras. 4-5.

[2] *Id.* para. 8.  Pursuant to plaintiffs' ex parte motion to dismiss, Dempster and Vanacor have been dismissed without prejudice.  Rec. Doc. No. 44.
  According to FNB, at the time plaintiffs purchased a lot in Catfish Cove, Dempster was also a member and manager of an L.L.C. named "DL3 Investments."  Rec. Doc. No. 31-2, p. 2.  DL3 Investments has not been named as a defendant.

Upon viewing Catfish Cove and learning that it would be developed, plaintiffs committed to purchasing a lot therein and deposited one thousand dollars ($1,000.00).[3] Thereafter, plaintiffs, through Dempster,[4] secured a loan from FNB in order to pay the remainder of the purchase price for the lot.[5] Plaintiffs finalized their purchase at an act of sale conducted at FNB's offices located in Boutte, Louisiana.

According to plaintiffs, prior to finalizing their purchase, Dempster and Vanacor personally, and on behalf of VIL, assured plaintiffs that Catfish Cove would be developed according to certain standards and restrictions to include:

> (1) the development would be completely gated and secured;
> (2) the bulkheads in the canals which traversed the development would be completed through the entire development;
> (3) the public and common grounds in the development would be groomed and landscaped;
> (4) there were restrictions against placing mobile homes in the development;
> (5) the development would be upscale and maintained as such; and
> (6) all property owners would have waterway access to Lake Des Allemands.[6]

Plaintiffs assert that since the act of sale, Catfish Cove has not

---

[3] Rec. Doc. No. 21, p. 2., para. 7.

[4] At the time plaintiffs purchased their lot in Catfish Cove, Dempster was FNB's vice-president and assisted plaintiffs in securing a loan from FNB. Rec. Doc. No. 49, p. 1.

[5] *Id.*

[6] Rec. Doc. No. 21, pp. 2-3, para. 10.

been developed as promised by Dempster, Vanacor, and VIL.

On June 11, 2007, plaintiffs filed the above-captioned lawsuit against defendants, FNB, VIL, Dempster, Vanacor, and XYZ Insurance Company ("XYZ"), asserting causes of action for breach of contract, unjust enrichment, negligent misinformation, negligent misrepresentation, and redhibition.[7]

Plaintiffs allege that FNB is liable to them because FNB, by virtue of its employment relationship with Dempster, facilitated and participated in promoting and enabling plaintiffs to purchase the property.[8]  Plaintiffs stipulate that the only basis for liability against FNB is its alleged vicarious liability for Dempster's actions.[9]

On January 14, 2008, FNB filed these motions arguing that plaintiffs fail to state a cause of action for which relief may be granted and, alternatively, that there are no genuine issues of material fact with respect to plaintiffs' claims against FNB and

---

[7]Rec. No. 1.  Plaintiffs filed their original complaint on June 11, 2007.  *Id*.  Thereafter, on August 31, 2007, plaintiffs filed an amended complaint naming VIL as an additional defendant.  Rec. Doc. No. 21.
Because jurisdiction in this case is premised upon diversity of citizenship, Louisiana law applies to the substantive issues before the Court. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188, 1194 (1938)).

[8]Rec. Doc. No. 1, p. 7, para. 37.

[9]*See* Rec. Doc. No. 14.  In light of the fact that plaintiffs stipulate that the only basis for FNB's liability is vicarious liability, the Court shall not consider plaintiffs' allegations that FNB violated "federal regulations."  *See* Rec. Doc. No. 1, p. 7, para. 38.

FNB is entitled to judgment as a matter of law.[10]

## *Law and Analysis*

### I.   *RULE 56 STANDARD*

Summary judgment should be rendered if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Id.; Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The showing of a genuine issue is not satisfied by creating some

---

[10]Rec. Doc. No. 31.

metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999) (internal quotation and citation omitted) (alternation in original).

**II. *DISCUSSION***

The Court finds that there are no genuine issues of material fact with respect to plaintiffs' claims against FNB. Plaintiffs fail to present any evidence or authority to substantiate their claims that FNB is vicariously liable for Dempster's conduct concerning the development of Catfish Cove. For the reasons stated in FNB's memorandum in support of its motion for summary judgment, FNB is entitled to judgment as a matter of law. *See Landreneau v. Fleet Financial* Group, 197 F.Supp.2d 551, 557-58 (M.D. La. 2002)

(Polozola, J.) (explaining that a bank owes no fiduciary duty to its customers absent a written agency agreement);[11] see, e.g., *Casey v. Hibernia Corp.*, 709 So. 2d 933, 935-37 (La. App. 4 Cir. 1998) (holding that, pursuant to the Louisiana Credit Agreement Statute, bank did not have an enforceable obligation to monitor construction absent a written agreement).

Accordingly,

**IT IS ORDERED** that FNB's motion for summary judgment is **GRANTED** and plaintiffs' claims against FNB are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that FNB's motion to dismiss is **DISMISSED AS MOOT**.

New Orleans, Louisiana, March 4th, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[11] Louisiana law is clear that:
A financial institution only owes to a borrower the duty of complying with the contract between the institution and the borrower.  However, no fiduciary duty of loyalty exists between the financial institution and the borrower.  "[U]nless expressly set forth in a written agency or trust agreement, no fiduciary responsibilities of a financial institution arise toward customers or third parties."
*Landreneau*, 197 F.Supp.2d at 557 (quoting *Ultra Fabricators, Inc. v. M.C. Bank and Trust Co.*, 724 So. 2d 210, 214 (La. App. 1 Cir. 1997)).